THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ALVARO ALEXANDER LEON ARIAS,<br><br>Petitioner,<br><br>v.<br><br>RUBEN LEYVA, et al.,<br><br>Respondents. | **ORDER TO SHOW CAUSE**<br><br>Case No. 2:26-cv-00812-RJS<br><br>District Judge Robert J. Shelby |

Before the court is Petitioner Alvaro Alexander Leon Arias's Petition for Writ of Habeas Corpus[1] and Emergency Motion to Stay Transfer.[2] For the reasons set forth below, the court concludes the Petition is sufficient to issue an order to show cause. The court also GRANTS IN PART the Motion.

## BACKGROUND

### A. Petitioner Leon

Leon is a citizen of Columbia.[3] In December 2022, Leon entered the United States without inspection and turned himself over to U.S. immigration authorities at the U.S.-Mexico border.[4] Customs and Border Patrol allowed Leon to enter the United States to seek asylum, where he has remained since.[5] In August 2023, Leon submitted an application for asylum, which

[1] Dkt. 1, *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* (*Petition*); *see* 28 U.S.C. § 2243 (authorizing the issuance of a writ of habeas corpus).

[2] Dkt. 3, *Emergency Motion to Stay Transfer During Pendency of Petition* (*Motion*).

[3] *Petition* at 10.

[4] *Id.* at 4.

[5] *Id.*

was pending as of December 2025.[6] He currently resides in West Valley City, Utah.[7]

On May 10, 2026, Leon was arrested by state authorities in Park City, Utah following a report of domestic violence.[8] On September 1, 2026, he received a bail hearing in state court.[9] The state court issued a temporary order of release to facilitate transfer to federal authorities.[10] The court provided that upon transfer, it would order a no-bail warrant so that should Leon be released from federal custody, he would be returned to Summit County Jail where the state court may impose conditions of release, including an ankle monitor.[11] The Petition and Motion were filed later the same day.[12] At that time, Leon was detained at the Summit County Jail pursuant to an immigration hold.[13] Leon's counsel represents that "on information and belief, a judicial warrant for Mr. Leon's arrest was not issued before his [Immigration and Customs Enforcement (ICE)] detention."[14] The Motion seeks an emergency stay barring Respondents from transferring Leon outside the District of Utah or removing him from the United States while the Petition is pending.[15]

**B. The Immigration and Nationality Act**

"The Immigration and Nationality Act (INA) is the foundation of our laws on

---

[6] *Id.* The petition does not indicate the status of his asylum application after December 2025. *See id.*

[7] *Id.*

[8] *Id.* at 5.

[9] *Id.*; *see also* Dkt. 1-3, *Detention Hearing, Order of Release* (*Order of Release*).

[10] *Petition* at 5; *Order of Release* at 2.

[11] *Petition* at 5; *see also Order of Release* at 2.

[12] *Petition*; *Motion*.

[13] *Petition* at 5.

[14] *Id.* at 11.

[15] *Motion* at 2–3.

immigration and naturalization."[16] Under the INA, the government has authority to detain noncitizens with pending removal proceedings under two provisions: 8 U.S.C. §§ 1225, 1226.[17]

Section 1225 requires the detention without bond of "inadmissible" noncitizens who are subject to expedited removal under 8 U.S.C. § 1225(b)(1) and for other arriving aliens, as defined by the governing regulations.[18] Noncitizens who are deemed inadmissible under § 1225 are subject to deportation "without further hearing or review."[19] Under this authority, detention is mandatory and there is no opportunity for the alien to seek bond.[20]

Section 1226 governs detention pending the outcome of standard removal proceedings.[21] Under the section, immigration enforcement authorities may arrest and detain a noncitizen pending a removal decision "[o]n a warrant issued by the Attorney General."[22] Removal proceedings, as outlined in § 1229, provide a noncitizen with notice, the opportunity to secure counsel, and a hearing before an immigration judge.[23] Significantly, in contrast to § 1225, "§ 1226 permits immigration officials to release the alien on bond subject to some exceptions."[24]

On July 8, 2025, DHS issued a notice of "Interim Guidance Regarding Detention

---

[16] *Santillan Quiroz v. Mullin*, No. 26-6019, 2026 WL 1876709, at *2 (10th Cir. June 30, 2026) (quoting *Kan. v. Garcia,* 589 U.S. 191, 195 (2020)). In 1996, Congress amended the INA by enacting the Illegal Immigration Reform and Immigrant Responsibility Act. *See Nken v. Holder*, 556 U.S. 418, 423 (2009); *see also* 8 U.S.C. §§ 1225, 1226.

[17] *Santillan Quiroz*, 2026 WL 1876709, at *3. The INA refers to noncitizens as "aliens." *See, e.g.*, 8 U.S.C. § 1101(a). Courts use the terms "alien" and "noncitizen" interchangeably. *Compare Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (using "aliens"), *with Thuraissigiam*, 591 U.S. at 158 (Sotomayor, J. dissenting) (using "noncitizens"). Accordingly, the court uses both terms throughout this Order.

[18] 8 U.S.C. § 1225; *see also* 8 C.F.R. §§ 1.2, 1001.1(q).

[19] 8 U.S.C. § 1225(b)(1)(A)(i).

[20] *See id.*; *see also Santillan Quiroz*, 2026 WL 1876709, at *3.

[21] 8 U.S.C. § 1226(a).

[22] *Id.*

[23] *Id.* § 1229.

[24] *Santillan Quiroz*, 2026 WL 1876709, at *3 (quoting 8 U.S.C. § 1226(a)(2)(A)) (citation modified); *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.").

Authority for Applicants for Admission" (DHS Policy).[25] The DHS Policy "requires ICE employees to consider anyone arrested in the United States and charged with being inadmissible as an 'applicant for admission'" under § 1225, and thus subject to mandatory detention and "not entitled to the due process protections found within § 1226(a)."[26] In other words, ICE employees should categorize all noncitizens who were not granted admission at the time of entry as still seeking admission to the United States and therefore not entitled to a bond hearing should they be detained. In September 2025, the Board of Immigration Appeals upheld the DHS Policy concluding immigration judges lack jurisdiction to hold bond hearings for noncitizens subject to mandatory detention under the DHS Policy's interpretation of §§ 1225 and 1226.[27]

On June 30, 2026, the Tenth Circuit issued its decision in in *Santillan Quiroz v. Mullin*,[28] holding DHS's novel interpretation of §§ 1225 and 1226 is unlawful.[29] The Circuit explained mandatory detention authority under § 1225 "is restricted to the border" and § 1226 governs the detention of aliens like Leon.[30]

## LEGAL STANDARD

Habeas corpus "test[s] proceedings so fundamentally lawless that imprisonment pursuant to them is not merely erroneous but void."[31] The court may issue a writ of habeas corpus if a

[25] *Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1094 (C.D. Cal. 2025), *judgment entered sub nom.* No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025); *see also ICE Memo: Interim Guidance Regarding Detention Authority for Applications for Admission*, AILA Doc. No. 25071607 (July 8, 2025), https://www.aila.org/library/ice-memo-interim-guidance-regarding-detention-authority-for-applications-for-admission [https://perma.cc/5GKM-JYGX].

[26] *Bautista*, 813 F. Supp. 3d at 1094.

[27] *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 229 (BIA 2025).

[28] No. 26-6019, 2026 WL 1876709 (10th Cir. June 30, 2026).

[29] *Id.*

[30] *Id.* at *14; *see also Chavez v. Noem*, No. 26-cv-00161-RJS, 2026 WL 800684 (D. Utah Mar. 23, 2026).

[31] *Fay v. Noia*, 372 U.S. 391, 423 (1963).

petitioner is "in custody in violation of the Constitution or laws . . . of the United States."[32] "[O]nce a petition for writ of habeas corpus is filed, unless the court is of the opinion that the petitioner is not entitled to an order to show cause, the writ must be awarded 'forthwith,' or an order to show cause must be issued."[33] A petitioner is entitled to an order to show cause if it appears, on its face, that the habeas petition may have merit.[34]

## ANALYSIS

Leon challenges (1) his continued detention under the INA and Fifth Amendment Due Process Clause, (2) Respondents' alleged plan to prolong his detention by moving him between detention centers, and (3) the sufficiency of a bond hearing—should Respondents grant him one—under the requirements of the INA and the Fifth Amendment.[35] Leon argues his detention violates the INA because it is not pursuant a statutorily required judicial warrant, ICE did not perform an individualized risk assessment, and "to the extent ICE performed an individualized assessment, ICE did not give him the chance to rebut their assessment."[36] Leon further contends his detention was arbitrary and capricious and violates the Due Process Clause because there is "no factual basis for Respondents to conclude that Mr. Leon presented a risk of danger to the community or flight that would warrant *civil detention*[,]" and he was not given notice and

[32] 28 U.S.C. § 2241(c)(3).

[33] *Harris v. Nelson*, 394 U.S. 286, 298–99 (1969) (citing 28 U.S.C. § 2243).

[34] *See Alexander v. Daugherty*, 189 F. Supp. 956, 957–58 (D. Wyo. 1960) (citing *Thomas v. Arizona*, 356 U.S. 390 (1958)); *Walker v. Johnson*, 312 U.S. 275, 284 (1941) ("It will be observed that if, upon the face of the petition, it appears that the party is not entitled to the writ, the court may refuse to issue it. Since the allegations of such petitions are often inconclusive, the practice has grown up of issuing an order to show cause, which the respondent may answer.").

[35] *Petition* at 11–26.

[36] *Id.* at 13; *see also* 8 U.S.C. 1226(a) ("On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States"); *Carlson v. Landon*, 342 U.S. 524, 547 (1952) (holding federal law requires issuance of a new warrant for the rearrest of previously released noncitizens facing deportation).

opportunity to respond to any contention that he was.[37] Leon also argues the prospect of being repetitively moved between immigrations detention sites across multiple states would impermissibly prolong his detention as an arriving detainee must restart his wait for a bond hearing at each new location.[38] Lastly, Leon contends should he be granted a bond hearing, it would nonetheless be constitutionally inadequate because the government unlawfully assigns the detainee the burden of showing he is not a threat to public safety or flight risk, and that the DOJ adjudicator "cannot be trusted to provide the required 'independent judgment and discretion' in deciding custody."[39]

Based on the allegations in the Petition and the Tenth Circuit's recent *Santillan Quiroz* decision, the court concludes the Petition has sufficient merit to issue an order to show cause pursuant to 28 U.S.C. §§ 2241 and 2243.[40]

**ORDER**

For the foregoing reasons, the court ORDERS as follows:

1. Respondents are ORDERED TO SHOW CAUSE by **5:00 p.m. on Wednesday, September 9, 2026** why the Petition for Writ of Habeas Corpus should not be granted.[41] The Response must address (1) the merits of the Petition and (2) the appropriate remedy should the court conclude the Petition is meritorious. If desired, Leon may file a reply no later than 5:00 p.m. on Thursday, September 10, 2026.

---

[37] *Petition* at 13–17.

[38] *Id.* at 18.

[39] *Id.* at 18–26 (quoting 8 C.F.R. § 1003.10(b)).

[40] 28 U.S.C. § 2241 (stating courts may issue a writ of habeas corpus to a person in custody in violation of the Constitution or laws of the United States); *id.* § 2243 ("A court . . . entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant of person detained is not entitled thereto.").

[41] *See id.* § 2243.

2. The court GRANTS IN PART the Emergency Motion to Stay Transfer[42] and ORDERS that Leon shall not be transferred out of the boundary of the Tenth Circuit.[43] The court further ORDERS Leon shall not be removed from the United States unless and until the court orders otherwise. Any facility where Leon is held must provide access to his lawyer and be capable of making him available for an in-person hearing.

3. By **Friday, September 4, 2026, at 5:00 PM**, the court ORDERS Leon's counsel to (1) serve Respondents with a copy of the Petition, along with a copy of this Order, by email and overnight mail to the United States Attorney's Office for the District of Utah; and (2) promptly file proof of such service on the docket.

4. To ensure that the relevant government officials have notice of this Order, the Clerk of Court is also directed to serve a copy of this Order, via email, to the following:

- United States Attorney for the District of Utah
- Todd Bouton, civil duty attorney for the United States Attorney for the District of Utah

SO ORDERED this 3rd day of September, 2026.

BY THE COURT

JUDGE ROBERT J. SHELBY
United States District Court

[42] Dkt. 3.

[43] The Tenth Circuit is comprised of Utah, Colorado, New Mexico, Oklahoma, Kansas, and Wyoming.

United States District Court
for the
District of Utah
September 3, 2026

******MAILING CERTIFICATE OF THE CLERK******

RE: 2:26-cv-00812-RJS
Leon Arias v. Leyva et al

I hereby certify that on 9/3/2026, a copy of the ORDER TO SHOW CAUSE was sent via email transmission to the following:

Adam S. Elggren
Todd Christopher Bouton
US ATTORNEY'S OFFICE
Email: todd.bouton@usdoj.gov, emily.adams@usdoj.gov, erica.arvizo@usdoj.gov, kirby.herron@usdoj.gov, liza.fata-afalava@usdoj.gov, shannon.mattson@usdoj.gov, adam.elggren@usdoj.gov, emily.adams@usdoj.gov, erica.arvizo@usdoj.gov

Mozelle H, Deputy Clerk